UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NUMBER: 1:18-cv-22617-RNS

ELDER LUJAN,

    Plaintiff,

v.

SAMUEL R. DANZIGER AS TRUSTEE OF THE IPI LAND
TRUST 2017-4; THE IPI LAND TRUST 2017; AVENTURA
ISLE MASTER HOMEOWNERS ASSOCIATION, INC;
BRAD I. SCHANDLER, and BROUGH, CHADROW
& LEVINE, P.A.,

    Defendant(s)

**SECOND STATUS REPORT
PREPARED & FILED BY PLAINTIFF**

Plaintiff, ELDER LUJAN, by and through undersigned counsel, respectfully submits this Second Status Report and advises as follows:

1. Plaintiff's initial Status Report advised this Honorable Court as to important developments in the pending state court case involving Plaintiff Lujan and Aventura isles Master Homeowners Ass'n and its Assignee, Samuel R. Danziger as Trustee of the IPI Land Trust 2017-4, both being represented by counsel Brad I. Schandler, who is a named defendant in this lawsuit.

2. Plaintiff previously reported that on Monday, December 17, 2018, a hearing had been conducted before the Hon. Linda Singer Stein, on Elder Lujan's Motion to Quash in Miami-Dade County Court Case Number 2016-019170-CC-23.

3. The result of the hearing of December 17, 2018, before Hon. Linda Singer Stein, appears as an attachment hereto: a true and correct copy of "Order Granting Defendant's Motion To Quash Service of Process And Suggestion Of Lack Of Jurisdiction", rendered on January 11, 2019. (Ex. "1").

4. Thereafter, on January 21, 2019, herein Defendant, Brad I. Schandler, filed a Motion for Rehearing, on behalf of Plaintiff, Aventura Isles Homeowners Association's Assignee, Samuel R. Danziger as Trustee of the IPI Land Trust 2017-4. A true copy of said "Motion for Rehearing" is attached hereto and made a part hereof. (Ex. "2").

5. Several attempts have been made to ascertain the court's procedure as to the disposition of said Motion for Rehearing, in particular whether the court requires a hearing as part of disposition by Hon. Linda Singer Stein. Hon. Judge Singer Stein had been out of her office and unable to tend to this matter. The said motion remains pending until disposition by the court.

6. Plaintiff respectfully submits that the instant lawsuit should be reinstated and allowed to proceed on the merits.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed with the Office of the Clerk of this Court by CM/ECF. **I further hereby certify** that a true copy hereof was delivered by email to the following person(s): Attached Attorney Service List on this 22nd day of March 2019.

**LAW OFFICES OF JAMES JEAN-FRANCOIS, P.A.**
**Duty Free Americas, Suite 211**
6100 Hollywood Boulevard
Hollywood, FL   33024
Telephone: 954-987-8832
Telecopier: 954-987-2622
email:  (P)   *jamesjeanfrancoisesq@hotmail.com*
           (S)   *jjonlaw@hotmail.com*


           *James Jean-Francois, Esq.  /s/*
By:_____
           JAMES JEAN-FRANCOIS, ESQ.
           FBN: 0495115
           Attorney for Plaintiff


ATTORNEY SERVICE LIST


Robert C. Meyer, Esq.,
Robert C. Meyer, P.A.,
2223 Coral Way,
Miami, FL 33145
Fax: 1-305-285-8919
e-address:       *meyerrobertc@cs.com*;

Thomas A. Conrad, Esq.,
Law Offices of Lorraine Lester,
1200 So. Pine Island Rd, #750,
Plantation, FL 33323
Fax:              866-390-9484
e-address:       (Main) *thelawofficeofflorrainelester@cna.com*;
                 (Direct) *thomas.conrad@cna.com*;

James K. Parker, Esq.,
Boyd Richards Parker & Colonnelli, P.I.,
100 S.E. 2nd Street, Suite 2600,
Miami, FL 33131
Fax: (786) 425-3905
e-address:       *ServiceMia@boydlawgroup.com*;

# Ex. "1"

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2016-19170 CC 23

AVENTURA ISLES MASTER
HOMEOWNERS ASSOCIATION, INC.

    Plaintiff,

vs.

ELDER LUJAN, et al.

    Defendant(s).
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS AND SUGGESTION OF LACK OF JURISDICTION

THIS CAUSE came before the Court on Defendant's Motion to Quash Service of Process and Suggestion of Lack of Jurisdiction. After careful consideration of the Motion, response, argument of counsel, memoranda and legal authorities submitted before, during and after the hearing, the Court's findings are set forth below.

This is an action to foreclose on a Claim of Lien for assessments. Plaintiff attempted to serve the Defendant Elder Lujan at the property residence without success. The return of service states: "Property is unoccupied. Per neighbor…property is a seasonal residence…." Only one attempt of service was made by Plaintiff. Thereafter, Plaintiff attempted service on Defendant by publication in the Miami Daily Business Review. In support thereof, Plaintiff filed an Affidavit of Diligent Search and Inquiry reiterating the notation by the process server. The Affidavit also went through a litany of other attempts to locate Defendant. Notably missing, however, was any

CASE NO: 2016-19170 CC 23

allegation that attempts were made to ascertain an out of state or out of the country address for Defendant. This is important, because Plaintiff was aware that any attempts to find Defendant in the South Florida area were most likely not going to result in any further information. Indeed, in Plaintiff's Affidavit in Support of Service by Publication, Plaintiff states that its investigation revealed that Defendant's current residence is in Mexico.[1] Thus, the notion that Defendant would be put on notice of the lawsuit by publication in a Miami newspaper was unsupported.

Nevertheless, based upon the affidavits filed by Plaintiff, this Court entered an Order of Default and resulting Default Final Judgment on June 29, 2017. Defendant did not file any paper in the case until June 26, 2018 with a Motion to Vacate Judgment and Notice of Appearance. Defendant subsequently filed this Motion to Quash on October 8, 2018. The Court finds that because Plaintiff's service of process was ineffectual and not in compliance with the strict requirements of Chapter 49, Fla. Stats., the Order of Default and Final Judgment are void. "This section only authorizes service of process by publication when the plaintiff cannot effect personal service on a defendant. Taylor v. Lopez, 358 So.2d 69, 70 (Fla. 3d DCA 1978). The determining factor is whether personal service 'cannot be had.'" Gans v. Healthgate-Sunflower Homeowners Ass'n, 593 So.2d 549, 551 (Fla. 4th DCA 1992). "Furthermore, when a plaintiff seeks service of process by publication, 'an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes.'" Id.

The Court has reviewed the legal authorities cited by both parties and finds that the case most closely analogous to this case is Godsell v. United Guar. Residential Ins.

---

[1] On November 9, 2018, Defendant filed his Sworn Statement demonstrating that he is domiciled in Peru.

2

CASE NO: 2016-19170 CC 23

923 So.2d 1209 (Fla. 5th DCA 2006). Godsell was a permanent resident of Canada but her address shown on the mortgage was the subject property being foreclosed, which she used seasonally. The affidavit of service indicates: "Unoccupied at this time; current resident was arrested by the Hernando County Sheriff's Office in the month of Jan. 2004; Electric is still on; Owner lives in Canada, per neighbors.'" Id. at 1211. In Godsell, unlike the only one attempt here, a second attempt to serve Defendant at two different addresses was unsuccessful. Plaintiff in that case then served Defendant by publication and submitted an affidavit of diligent search. In Defendant's Motion to Vacate the Final Judgment against Godsell, it states: "The affidavit of the process server reflects [on its face] that additional steps should have been taken which are not reflected in the Affidavit of Diligent Search to determine the address of the owner, Mary Godsell, in Canada. For example, it does not indicate that any of the neighbors who stated that the Owner was in Canada asked for the Defendant's address or location (city, town or province) in Canada. Accordingly, the court file reflects that such affidavit is insufficient to establish diligent search and inquiry." Id. at 1211. Here, the process server also learned that the Defendant only lived in the subject property on a seasonal basis, yet did not ask any further questions to learn if the neighbors had the address for Defendant. See Shepheard v. Deutsche Bank Trust Co. Ams., 922 So.2d 340, 344 (Fla. 5th DCA 2006) (the bank only made a single attempt to personally serve which "did not justify constructive service").

  The Motion to Vacate in Godsell further stated "(1) the property had been subject to a first mortgage for which Godsell had authorized automatic payments by a deduction from a Bank of America account; (2) that Godsell had continued to make the payments

3

CASE NO: 2016-19170 CC 23

on her first mortgage during the foreclosure process; (3) that the Bank of America account had received transfers of funds from a Canadian account with Royal Bank of Canada...; (4) that the bank holding her Canadian account had her actual address and phone number in Canada...." Id. at 1212. In this case, the Transaction History filed by Plaintiff of payments made by Defendant shows that two payments were made by "eCheck". Just as in Godsell, Plaintiff could have attempted to find the source of those eChecks to locate an address for Defendant.

In addition, here, Defendant represented that Plaintiff had Defendant's phone number and e-mail address, yet there was no attempt by Plaintiff to contact Defendant in that manner. See Gans, (supra), 593 So.2d at 551. "Although service of process by publication is a foreclosure action is permitted, see section 49.011, Fla. Stat. (2007), a mortgage holder may only resort to service of process by publication '[w]here personal service of process or...service of process under s. 48.194 cannot be had.'...Additionally, although a mortgage holder submits an affidavit of diligent search, this does not end the inquiry....The trial court must still determine whether the mortgage holder actually conducted a diligent search....[W]hen a plaintiff seeks service of process by publication, 'an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes.'" Lewis v. Fifth Third Mortg. Co., 38 So.3d 157, 164 (Fla. 3d DCA 2010) (citations omitted).

Here, after consideration of all the facts and arguments, the Court finds that Plaintiff failed to conduct the requisite diligent search and inquiry mandated by the

4

CASE NO: 2016-19170 CC 23

Florida Statutes. Therefore, the Defendant's Motion to Quash Service of Process and Suggestion of Lack of Jurisdiction is well taken and is GRANTED.

**DONE and ORDERED** in Miami-Dade County, Florida on January 11, 2019.

_____
LINDA SINGER STEIN
County Court Judge

Cc: Brad I. Schandler, Esq.
James Jean-Francois, Esq.

SIGNED AND DATED
JAN 11 2019
JUDGE LINDA SINGER STEIN

Ex. "2"

|  |  |
|---|---|
| | IN THE COUNTY COURT IN AND FOR MIAMI DADE COUNTY, FLORIDA |
| | CIVIL DIVISION |
| AVENTURA ISLES MASTER HOMEOWNERS ASSOCIATION, INC. | CASE NO.: 16-19170 CC 23 (03) |
| Plaintiff, | |
| vs. | |
| ELDER LUJAN,, UNKNOWN SPOUSE OF ELDER LUJAN | |
| Defendants / | |

## MOTION FOR REHEARING

Plaintiff. Aventura Isles Homeowners Association's Assignee, Samuel R. Danziger as Trustee of the IPI Land Trust 2017-4 ("LT"), by its undersigned counsel, files this Motion for Rehearing, and in support thereof states as follows:

1. On January 11, 2019, this Court entered an Order Granting Defendant's Motion to Quash Service of Process and Suggestions of Lack of Jurisdiction.

2. The order contains recitations or findings of fact which are either not supported by facts, pleadings and discovery responses obtained in this foreclosure action or in other pending actions between these parties.

3. This Court has not considered, or overlooked, the undisputed fact that in Defendant's federal court action, Case No.: 18-22617-Civ-Scola, filed against Plaintiff and others in this foreclosure action, Defendant, Elder **Lujan has admitted that:**

- Lujan never delivered notice of his address in Peru to [Plaintiff] Aventura Isles prior to the foreclosure lawsuit filing;

- Lujan never delivered his email address to [Plaintiff] Aventura Isles prior to the foreclosure lawsuit filing;

- Lujan never delivered his telephone number to [Plaintiff] Aventura Isles prior to the foreclosure lawsuit filing;

4. Despite the unsupported allegations in Defendants Motion to Quash, at the time

1

CASE NO.: 16-19170 CC 23 (03)

that Plaintiff attempted to serve the summons and Complaint for Foreclosure in this matter upon Defendant, Elder Lujan, Plaintiff had never been advised of any address for Defendant, Elder Lujan, other than the address of the property that is the subject of this foreclosure action.

WHEREFORE Plaintiff by its Assignee, respectfully request that this Court:

A. Grant its Motion for Rehearing;

B. Issue an order denying theE Motion To Quash filed in this matter;

C. Grant Plaintiff and its Assignee such further relief as this Court deems appropriate.

I HEREBY CERTIFY that a true copy of the foregoing Motion for Rehearing was sent through the Florida Court e-filing portal to James Jean -Francois, Esq., Attorney for Elder Lujan, at jamesjeanfrancoisesq@hotmail.com this 21st day of January, 2019.

Respectfully submitted,

Brad I. Schandler
Attorney for Plaintiff's Assignee
4700 Sheridan Street
Suite J
Hollywood, FL 33021
Telephone: 305-662-9700
Facsimile: 954-606-0336
Email: Bradis4Law@gmail.com

By: _____
Brad I Schandler, Esq.
Florida Bar No.:381713

2